IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERTA ROSSI, and
JAMES ROSSI,

        Plaintiffs,        Civil No. 05-3044-TC

        v.        FINDINGS AND
                RECOMMENDATION
CAPITOL ONE BANK, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiffs pro per filed a "Complaint for Violation of Fair Debt Collection Practices Act (15 USC Section 1692-1692 o) and Contract Fraud," (sic) alleging claims arising out of a consumer debt collection action.

    Defendant Citibank (South Dakota) ("Citibank") has moved for Summary Judgment (#32), on the ground that Citibank is not a debt collector as defined under the Act. Plaintiffs have been advised of the federal summary judgment standard. See,

1 - FINDINGS AND RECOMMENDATION

Order (#25).

The following undisputed facts are established in the record before the court.

Citibank is a creditor of Roberta Rossi who owes a credit card debt to Citibank. Citibank retained Balogh Becker, LTD., a law firm located in Minneapolis, Minnesota, to collect the debt. Citibank does not own, control or otherwise have an interest in the Balogh Becker firm. Citibank is simply a client that retained Balogh Becker to collect the debt through a collection action. Although plaintiffs allege that Citibank contacted them, they have not alleged that Citibank misidentified itself or used an alias in its interactions with plaintiffs.

Balogh Becker through attorney Michael Bolinski, commenced a collection lawsuit in Oregon against Roberta Rossi for the outstanding unpaid balance owed to Citibank and had Ms. Rossi served with a summons and complaint. Roberta Rossi did not answer the Complaint, and on July 13, 2005, Bolinski and Balogh Becker filed a Ten Day Notice of Intent to Default. Ms. Rossi did not respond to the notice, and on July 29, 2005, Bolinski and Balogh Becker filed a Motion for Default Judgment. On August 8, 2005, the court entered a default judgment against Roberta Rossi in the amount of $1,755.00.

Plaintiffs allege that Citibank violated the Fair Debt

Collection Practices Act (FDCPA) in attempting to collect the debt.

The FDCPA defines a "debt collector" as: "Any person ... in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another ... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts...." 15 U.S.C. § 1692a(6).

Generally, as a matter of law, creditors are not subject to the FDCPA. McGuire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235 (2nd Cir. 1998); Aubert v. American Gen Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998). Courts have held that the FDCPA does not apply to creditors in cases specifically involving Citibank credit card accounts. See e.g., Kloth v. Citibank, 33 F.Supp 2d 115, 119 (D. Conn. 1998).

The exceptions to the general rule that creditors are not subject to the FDCPA, are: (1) if, in the process of collecting its own debts, the creditor uses any name other than its own which would indicate that a third person is attempting to collect the debt; (2) if it pretends to be someone else or uses a peudonym or alias; or (3) if it owns

and controls the debt collector rendering it the creditor's "alter ego." Doherty v. Citibank, 375 F. Supp. 2d 158, 161-62 (E.D.N.Y. 2005); Mazzei v. Money Store, 349 F. Supp. 2d 651 659 (S.D.N.Y. 2004 (citing Maguire, supra, 147 F.3d at 234-35). None of these exceptions are relevant to the case before the court.

Plaintiffs also allege violations of 15 USC §§ 1692c(b) [prohibiting communications with third parties] and allege a claim for "contract fraud violation" relating to a case pending in Josephine County.

It is undisputed that Citibank has never contacted any third parties in violation of 15 USC § 1692c(b). Plaintiffs have not alleged that Citibank is in any way involved in the Josephine County lawsuit.

The un-controverted facts of record establish that Citibank is not a "debt collector" as defined under the FDCPA and not subject to the creditor exceptions under the circumstances of this case, did not communicate with plaintiffs or third parties in connection with the payment of a debt as defined by the Fair Debt Collection Practices Act, and have no connection to the alleged "contract fraud violation." There is no genuine issue of material fact remaining in this case as to defendant Citibank, and it is entitled to judgment as a matter of law. Defendants' Motion

for Summary Judgment (#32) should be allowed and plaintiffs' claims against defendant Citibank should be dismissed with prejudice.

Defendants' request for attorney fees for defending this claim should be denied without prejudice.

DATED this 30th day of January, 2006.

_____
Thomas M. Coffin
United States Magistrate Judge