FILED '06 APR 17 10 25USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERTA ROSSI, and
JAMES ROSSI,

               Plaintiffs,            Civil No. 05-3044-TC

               v.                  FINDINGS AND
                                RECOMMENDATION

CAPITOL ONE BANK, et al.,

               Defendants.

COFFIN, Magistrate Judge.

     Plaintiffs pro per filed a "Complaint for Violation of
Fair Debt Collection Practices Act (15 USC Section 1692-1692
o) and Contract Fraud," (sic) alleging claims arising out of
a consumer debt collection action.

     Defendants Schultz, Coon, Sawyer, Brandt and Baker now
move the court to dismiss plaintiffs' claims against them for
failure to state a claim (#44).

     Plaintiffs'    complaint    contains    minimal    factual

1 - FINDINGS AND RECOMMENDATION

allegations.  However, the following uncontroverted facts are established in the record.

Citibank is a creditor of Roberta Rossi who owes a credit card debt to Citibank. Citibank retained Balogh Becker, LTD., a law firm located in Minneapolis, Minnesota, to collect the debt.  Balogh  Becker  through  attorney  Michael  Bolinski, commenced a collection lawsuit in Oregon against Roberta Rossi for the outstanding unpaid balance owed to Citibank and had Ms. Rossi served with a summons and complaint.  Roberta Rossi did not answer the Complaint, and on July 13, 2005, Bolinski and Balogh Becker filed a Ten Day Notice of Intent to Default. Ms. Rossi did not respond to the notice, and on July 29, 2005, Bolinski  and  Balogh  Becker  filed  a  Motion  for  Default Judgment.   On August 8, 2005, the court entered a default judgment against Roberta Rossi in the amount of $1,755.00. See, Findings and Recommendations (#30) and (#55).

Plaintiffs' claims of "contract fraud" against the moving defendants apparently arise out of defendants' actions in connection with the state court judgment against plaintiffs.

Plaintiffs allege:

6.   Defendant Lindie Baker is the Presiding Judge over the Circuit Court of Josephine County.
7.   Gary Brandt is the Court Administrator of the Circuit Court in Josephine County.
8.   Judge Allen Coon is a Judge in the Josephine County Circuit Court.
9. Judge LL Sawyer (sic) is a retired Judge that is an Arbitrator in the Circuit Court of Josephine County.

<u>See</u>, Complaint (#1), p 6.

Other than identifying defendants as set forth above, plaintiffs' complaint does not contain any specific factual allegations against the moving defendants.[1]

In order to state a claim against a named defendant, plaintiffs must allege specific facts about that defendant and identify how that defendant's conduct violated his rights. General allegations are insufficient. The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). <u>Polk v. Montgomery County</u>, 548 F. Supp. 613, 614 (D.Md. 1982). <u>See also</u>, <u>Morabito v. Blum</u>, 528 F.Supp. 252, 262 (S.D. N.Y. 1981). Although pro se complaints are to be interpreted liberally, <u>Haines v. Kerner</u>, 92 S.Ct. 594 (1972), the court may not supply essential elements that are not pleaded. <u>Ivey v. Board of Regents</u>, 673 F.2d 266 (9th Cir. 1982).

Plaintiffs' complaint does not contain any factual allegations against defendants Baker, Brandt, Coon or Sawyer, and therefore fails to state a claim upon which relief can be granted.

---

[1]Plaintiff generally alleges that "Defendants Sawyer, Coon, Brandt, Baker and Shultz are working in concert to deny plaintiffs James and Roberta Rossi and many others of their lawful right to a Jury Trial." Complaint (#1) p. 7.

Even if plaintiffs alleged specific facts against defendants Sawyer, Coon, Brandt and Baker, plaintiffs apparently seeks to hold these defendants liable for their judicial or quasi-judicial acts in connection with the state court judgment against plaintiffs. Thus, any claim against them would be barred by the doctrine of judicial immunity. See, Forrester v. White, 484 U.S. 219 (1988); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); see also, Pierson v. Ray, 386 U.S. 547 (1967); Harlow v. Fitzgerald, 457 U.S. 800, 815-819 (1982).

If plaintiffs' claims against some of these defendants arise from their administrative acts[2] the doctrine of qualified immunity applies to bar plaintiffs' claims because they did not violate plaintiff's clearly established constitutional rights. Harlow v. Fitzgerals, 457 U.S. 800 (1982); Act Up!/Portland v. Bagley, 988 F.2d 868 (9th Cir. 1993).

The only possible claim to be discerned from plaintiffs' sketchy factual allegations is that defendants' enforcement of

---

[2]Plaintiffs' allegation that defendants are working in concert to deny them a jury trial and general allegations regarding Josephine County's "Mandatory Arbitration" statute suggest a possible claim based on arguably administrative rather than judicial conduct. In addition, plaintiff's allegation that defendant Brandt is the "Administrator of the Circuit Court of Josephine County suggests that plaintiffs may be attempting to hold defendant Brandt liable for some non-judicial conduct.

the mandatory arbitration statute violated their constitutional rights. I find that reasonable people in defendants' position would not have known that such conduct would violate plaintiffs' "clearly established constitutional rights."

Plaintiffs allege the following as to defendant Shultz:

1. Defendant arbitrator Duane Shultz on Josephine County Circuit Case 05CV0004 ignored Plaintiff's lawful right to motion to Dismiss and Motion for Default.
2. Defendant Shultz on Case no 05CV0004 secretly communicated with Defendant Daniel Gordon and without legal authority allowed Defendant Daniel Gordon and Defendant Capitol One to file late papers not allowed by the Oregon Rules of Court.
3. The unlawful actions of Defendant Duane Shultz deprived plaintiff Roberta Rossi of her entitled Default on case no 05CV0004.

See, Complaint (#1) p. 6.

The doctrine of judicial immunity applies to arbitrators. Antoine v. Byers & Anderson, 508 U.S. 429) (1993), and other court personnel whose challenged conduct is an "integral part of the judicial process." Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert denied, 445 U.S. 962 (1980). Plaintiffs' allegations against defendant Schultz clearly involve his quasi-judicial conduct as an arbitrator.

Pursuant to the Rooker-Feldman Doctrine, federal district courts lack subject matter jurisdiction to review state court judgments. See, District of Columbia, Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co.,

263 U.S. 413 (1923).

Thus, to the extent that plaintiffs' claims in this case involve a challenge to the state court judgment against plaintiffs, this court is without jurisdiction.

Based on all of the foregoing, defendants' Schultz, Coon, Sawyer, Brandt and Baker's Motion to Dismiss (#44) plaintiffs' claims against them should be allowed.[3]

DATED this 17th day of April, 2006.

_____
Thomas M. Coffin
United States Magistrate Judge

---

[3]Defendants' Memorandum (#45) refers to a Third Cause of Action for "contract fraud" against the State of Oregon and argues that such a claim is barred under the Eleventh Amendment. Although such a claim would be barred by the Eleventh Amendment, see, Pennhurst State School and Hospirtal v. Halderman, 465 U.S. 89 (1984); Brooks v Sulpher Springs Valley Electric Co-op, 951 F.2d 1050 (9th Cir. 1991), the complaint plaintiffs filed with the court does not name the State of Oregon as a defendant or include a third cause of action.

6 - FINDINGS AND RECOMMENDATION